# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

<table>
<tr><td>

ROBERT L. SINGLETEARRY,
　　　　　　*Plaintiff-Appellant,*

v.

TRANSNET, INCORPORATED, t/a
Integrated Travel International, a
Virginia Corporation,
　　　　　　*Defendant-Appellee.*

</td><td>No. 01-2085</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-00-1974-A)

Submitted: January 30, 2002

Decided: February 13, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John W. Karr, Theodore S. Allison, KARR & ALLISON, P.C., Washington, D.C., for Appellant. Joel P. Bennett, LAW OFFICES OF JOEL P. BENNETT, P.C., Washington, D.C. for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert L. Singletearry, an African American male, appeals the district court's order granting summary judgment to Transnet, Inc. ("Transnet"), a travel agency, pursuant to Transnet's motion for summary judgment in Singletearry's civil action alleging wrongful termination based on race under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000).

In 1999, Transnet terminated Singletearry's employment. After Singletearry's termination, he administratively exhausted his claim that he was wrongfully terminated based on his race. Singletearry then brought suit in district court, and Transnet moved for summary judgment. The district court, viewing the facts in the light most favorable to Singletearry, held Transnet presented a legitimate, nondiscriminatory reason to terminate Singletearry's employment: Transnet's inability to profitably employ Singletearry in light of Transnet's declining revenues. The district court granted Transnet's motion for summary judgment, holding Singletearry could not show a genuine factual dispute over whether Transnet's stated reason for Singletearry's termination was pretextual. Singletearry appeals, arguing the district court erred in holding Transnet's stated reason for his termination was not pretextual.

We review a grant of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Singletearry's appeal is without merit; the district court did not err in holding Transnet articulated a legitimate, nondiscriminatory basis for Singletearry's termination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*